## LOGRE v. GALVESTON ELECTRIC CO.

(Court of Civil Appeals of Texas. Galveston. March 15, 1912. Rehearing Denied April 11, 1912.)

1. STREET RAILROADS (§ 118*)—OPERATION—ACTIONS—ISSUES.

Where a motorman used proper care to prevent an injury as soon as he realized the danger and that plaintiff would attempt to drive in front of his car, the issue of discovered peril was not raised.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

2. APPEAL AND ERROR (§ 216*)—REVIEW—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—OBJECTIONS.

The failure to charge fully as to an issue cannot be complained of where the request was not made for any further charge on that issue.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

3. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR.

In an action against a street railway company for injuries to a horse and wagon caused by a collision with a street car, the exclusion of evidence that defendant's witness, who was a passenger on the car at the time of the accident, had not boarded the car at the point he testified to have entered it whether offered for impeachment or other use, was harmless, if erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

4. EVIDENCE (§ 246*)—RELEVANCY—OWNERSHIP.

In an action against a street railway for injuries to a horse and wagon, a letter written by plaintiff's attorney, in which he refers to the horse and vehicle as being the property of another, is admissible to show that plaintiff was not the real owner.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 945–949; Dec. Dig. § 246.*]

Error to Galveston County Court; Geo. E. Mann, Judge.

Action by Edward F. Logre against the Galveston Electric Company. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Geo. Q. McCracken, of Galveston, for plaintiff in error. Terry, Cavin & Mills, of Galveston, for defendant in error.

PLEASANTS, C. J. This suit was brought by plaintiff in error to recover the sum of $165 damages for injury to a horse and wagon, the property of plaintiff, alleged to have been caused by the negligence of the defendant.

Defendant answered by general demurrer and general denial, and specially pleaded "that the loss to plaintiff in error, if any, was caused by the negligence and fault of the driver of the wagon to which said horse was attached at the time the collision occurred, in that he drove the wagon and horse in front of the moving car without any care or precaution for his own safety or for the safety of said horse and wagon, and at an excessive and dangerous rate of speed; that said driver saw or should have seen the moving car before driving the horse and wagon in front of it, and thereby causing the collision; and that the driver was thereby negligent, which negligence of the driver was the proximate cause of any damage sustained by plaintiff in error." The trial in the justice court in which the suit was originally brought resulted in a judgment in favor of the plaintiff for the full amount claimed by him. Upon appeal and trial de novo in the county court with a jury, a verdict and judgment were rendered in favor of defendant. The injury to the horse and wagon of which appellant complains was caused by collision with a street car which was being operated by defendant on its track in the city of Galveston. At the time of the collision, which occurred on October 12, 1907, the street car was going east on Broadway avenue in the city of Galveston and the horse and wagon, which was driven by Louis Schembre, was going south on Tremont street, which crosses Broadway at right angles. The evidence sustains the finding that the driver of the wagon failed to use any care to discover the approach of the car before driving upon the railway track, and that the operators of the car gave the proper signals and used due care in crossing Tremont street, and the collision was not caused by any negligence on their part. These conclusions dispose of plaintiff's assignment of error complaining of the judgment on the ground that the verdict of the jury is not supported by the evidence.

[1] We do not think the evidence raised the issue of discovered peril, and therefore the court properly refused the charge requested by plaintiff submitting that issue to the jury. The undisputed evidence shows that, as soon as the motorman discovered that the driver of the wagon would attempt to cross the track in front of the car, he used every means in his power to prevent the collision. No circumstances are shown by the evidence from which the motorman might reasonably have anticipated sooner than he did that the driver would not stop before reaching the track, but would whip up his horse and attempt to cross in front of the car, and it cannot be said from the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

evidence that the motorman failed to use proper care to prevent the injury as soon as he realized the danger. This case is easily distinguished from that of Gehring v. Galveston Electric Co., 134 S. W. 288, in which this court held that the evidence was sufficient to sustain the finding that the operatives of the car realized the perilous position of the deceased, and, instead of using every means in their power to prevent striking him, negligently delayed using such means until too late to prevent the accident. In the case cited the evidence tended to show that the deceased was seen by the motorman in a perilous position apparently oblivious to the approach of the car and heedless of the warning given by the motorman, and under these circumstances it was held that the motorman could not wait until he was certain that the deceased would not get out of danger, but was required, as soon as he realized the probability that the deceased would not protect himself, to use every means in his power to prevent the injury. The evidence in this case does not call for the application of this rule.

[2] The failure of the trial judge to charge the jury more fully as to the duty of the operatives of the car to use care in crossing the street, and to define negligence on the part of said operatives as applied to the facts of this case, if it be conceded that the charge was deficient in this regard, not being affirmative error, cannot be complained of by the plaintiff because he did not request any further charge on these issues. We think the evidence raised the issue of whether the property injured was owned by the plaintiff, and the court did not err in submitting that issue to the jury. There is no merit in the assignment complaining of the charge on the ground that it is upon the weight of the evidence, in that it gives too much prominence to the defense of contributory negligence. That defense is only mentioned in the charge when the grounds for recovery by plaintiff are submitted to the jury, and this mention of the defense does not occur so often or in such manner as to have improperly influenced or misled the jury.

[3] There was no error in refusing the testimony offered by the plaintiff which tended to contradict the testimony of one of defendant's witnesses, who was on the car at the time of the collision, as to where he got on the car. It was wholly immaterial to any issue in this case as to where the witness got on the car. From the statement in the bill of exceptions, it does not appear that the rejected testimony would have impeached or contradicted the statement of the defendant's witness, but, if such contradiction was shown, we do not think the evidence was of any value and its exclusion could not have injured plaintiff.

[4] The letter written by plaintiff's attorney in which he refers to the property for injury to which this suit was brought as the property of Mr. Louis Schembre was admissible as a circumstance tending to show that plaintiff was not the owner of the property.

For the same purpose, the advertisement in the Galveston Tribune by Schembre was admissible. The probative force of this evidence was very slight, but we cannot say it was wholly immaterial and irrelevant.

We have considered all of the assignments of error presented in the brief of plaintiff, and we think no error is shown by any of them which would authorize a reversal of the judgment of the trial court.

It follows that the judgment should be affirmed, and it has been so ordered.