### FEINGOLD v. LEFKOVITZ.

(Court of Civil Appeals of Texas. El Paso. May 2, 1912.)

1. EVIDENCE (§ 593*)—SUFFICIENCY—INCOMPETENT EVIDENCE.

In an action by a physician for compensation, testimony by the defendant, who was not a medical expert, that the physician was incompetent is not sufficient to support a finding in favor of defendant on that ground.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2430; Dec. Dig. § 593.*]

2. PHYSICIANS AND SURGEONS (§ 24*)—COMPENSATION—ACTIONS—QUESTIONS FOR JURY.

In an action for compensation for services rendered by a physician registered in a foreign state, the question of his authorization to practice should not be submitted to the jury, when the facts are not in dispute.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 53–62; Dec. Dig. § 24.*]

3. PHYSICIANS AND SURGEONS (§ 24*)—COMPENSATION—ACTIONS—INSTRUCTIONS.

In an action for compensation for services rendered by a physician living in a foreign state, if the facts as to his authorization to practice in that state are in dispute, the court should charge the jury as to the requirements of the laws of that state.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 53–62; Dec. Dig. § 24.*]

4. TRIAL (§ 256*)—INSTRUCTIONS—NECESSITY OF REQUEST.

In an action by a physician for services rendered, where defendant set up his incompetency, an instruction that the burden of proving that fact rests on the defendant is a suffi-

cient charge, in the absence of a request for special instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

5. EVIDENCE (§ 181*)—BEST AND SECONDARY EVIDENCE.

In an action by a physician, the exclusion of a copy of his license to practice medicine is proper, where no explanation of his failure to produce the original is made.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 600; Dec. Dig. § 181.*]

6. EVIDENCE (§ 181*)—BEST AND SECONDARY EVIDENCE—CERTIFICATE OF CLERK.

In an action by a physician, where no explanation of his failure to produce his original license is made, the exclusion of a certificate of the county clerk in a foreign state to the effect that plaintiff had registered his license in that office is not error.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 600; Dec. Dig. § 181.*]

7. APPEAL AND ERROR (§ 1058*)—REVIEW—HARMLESS ERROR.

In an action by a physician residing in a foreign state, the exclusion of a copy of his license and a certificate of the county clerk of his county, certifying that his license had been registered, was harmless, where the physician was permitted to testify, without objection, that he was a regularly licensed and practicing physician.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

Error to El Paso County Court; A. S. Eylar, Judge.

Action by Leon Feingold against Samuel Lefkovitz. There was a judgment for defendant, and plaintiff brings error. Reversed and remanded.

See, also, 140 S. W. 106.

Brown & Terry, of El Paso, for plaintiff in error. S. P. Weisiger, of El Paso, for defendant in error.

HIGGINS, J.　Suit by Feingold against Lefkovitz for the sum of $99 for professional services as a physician, rendered in the city of Chicago, Ill., to an infant child of the defendant in error, and for the further sum of $5, paid by Feingold for a microscopic examination for the account of Lefkovitz.

[1] Plaintiff was a regularly licensed and practicing physician, and was called in by the defendant to treat the child, and the evidence raises no issue as to the reasonableness of the charges made; but it is contended that the treatment given the child was not proper, and that plaintiff was incompetent, negligent, and guilty of malpractice and unskillfulness in his treatment. The testimony of the plaintiff and of Dr. Behrendt made a prima facie case, and showed that the treatment given was necessary and proper; that plaintiff was competent, and guilty of no negligence, malpractice, or unskillfulness.

Upon trial before a jury, verdict was rendered for the defendant, and by various assignments of error plaintiff in error advances the contention that, under the undisputed testimony, the verdict in favor of the defendant was unsupported. It is true, as is pointed out by defendant in error, the testimony of the plaintiff is contradicted in certain respects by the defendant and his wife; but these contradictions are not upon the material issues in the case, and, assuming the truth of the testimony of the defendant and his wife as to these disputed matters, they do not support a finding that the treatment was unnecessary or improper, or of any negligence, malpractice, unskillfulness, or incompetency on the part of the plaintiff. At best, the testimony of Lefkovitz and wife would no more than suggest a surmise or conjecture of improper treatment. It is true Lefkovitz stated Feingold was an incompetent physician; but this was plainly an opinion of his only, upon a subject of which he is in no wise shown to have any knowledge. That plaintiff was not qualified, or that his treatment was negligent or unskillful, must have been shown by some competent evidence, in order to sustain a verdict in favor of the defendant; and it must not be based upon surmise or conjecture, or supported merely by the opinion of defendant of incompetency, when it is manifest that such opinion is of no value. We have very carefully examined the testimony in the case, and are of the opinion that there is nothing therein contained to warrant a finding adverse to the plaintiff upon his claim for professional services. As bearing upon the insufficiency of the defendant's testimony to support the finding of the jury in his favor, see Wurdemann v. Barnes, 92 Wis. 206, 66 N. W. 111; Wood v. Barker, 49 Mich. 295, 13 N. W. 597; Piles v. Hughes, 10 Iowa, 579; Sims v. Parker, 41 Ill. App. 284. As to the item of $5 paid for microscopic examination, there is a conflict in the testimony as to whether or not the examination was authorized by Lefkovitz; and if he did not authorize the same he would not be liable.

[2, 3] The undisputed testimony in this case showed that the plaintiff had complied with the laws of the state of Illinois as a prerequisite to his right to practice; but the court in his charge submitted to the jury for their determination the question of whether or not he was authorized to practice. In view of a retrial, it is well to say that the court should not submit this question to the jury for their determination, if the facts in regard thereto are undisputed; and, if there is any dispute, the court should inform the jury what is required by the laws of the state of Illinois, in order that they may determine from the facts before them whether or not the plaintiff has complied with those laws.

[4] The sixth assignment of error is not well taken. The charge of the court that

the burden of proof rested upon the defendant to establish the negligence or incompetency of the plaintiff was sufficient, in the absence of a request for a special instruction upon the subject.

[5-7] The court did not err in excluding the copy of the plaintiff's license to practice medicine, as the failure to produce the original is not satisfactorily explained. Neither did the court err in excluding the certificate of the county clerk of Cook county, Ill., to the effect that the plaintiff had registered his license in that office. The exclusion of the license and certificate, in any event, is immaterial, in view of the fact that the plaintiff was permitted to testify, without objection, that he was a regularly licensed and practicing physician. The eleventh assignment is also overruled.

Reversed and remanded.