COUCH v. BIGGERS et al. (No. 7817.)

(Court of Civil Appeals of Texas. Dallas. Nov. 17, 1917.)

1. APPEAL AND ERROR ⚖═263(1)—SCOPE—INSTRUCTIONS—PRESERVATION OF EXCEPTIONS.

Assignments of error based on refusal of special charges or on the giving of instructions will not be considered, where there is no bill of exceptions reserved to any of such errors, as specifically required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2061.

2. EVIDENCE ⚖═174(4)—ADMISSIBILITY—SECONDARY EVIDENCE.

A copy of a telegram received by one party purporting to have been sent by another is not admissible, being secondary evidence.

3. APPEAL AND ERROR ⚖═1058(1)—HARMLESS ERROR.

Error, if any, in excluding telegram as secondary evidence was harmless, where its contents were testified to by two witnesses without objection.

4. PLEADING ⚖═196—AMENDMENT—VARYING CONTRACT—EFFECT.

A supplemental petition pleading waiver of one of the provisions of the contract is not demurrable upon the ground that it seeks to ingraft upon the contract conditions not embodied therein.

Error from Ellis County Court; W. M. Tidwell, Judge.

Action by W. C. Biggers and others against J. T. Couch. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. T. Spencer, of Waxahachie, for plaintiff in error. R. L. Sullivan and Supple & Harding, all of Waxahachie, for defendants in error.

RAINEY, C. J. Defendant in error Biggers sued plaintiff in error to recover on a note for $500, executed as a forfeit for failing to comply with a contract for the purchase of land. Plaintiff in error answered by general denial, and specially that the consummation of said contract depended upon one McKnight securing a loan for $5,000, which he was to pay to plaintiff in error; that said loan was not consummated by McKnight, which voided the contract; and, further, that Biggers failed to furnish an abstract of title, etc. A trial was had with a jury, and judgment resulted for defendants in error, from which this appeal is taken.

Conclusion of Fact.

Plaintiff in error and defendant in error entered into a written contract, by which defendant in error was to sell and plaintiff in error agreed to purchase 173½ acres of land, the consideration being $17,350; plaintiff in error was to deed a house and lot valued at $7,350, pay cash $5,000, and assume an indebtedness of $5,000. The contract was conditioned on one McKnight getting a loan with which plaintiff in error was to get and pay the $5,000 cash, otherwise the contract of sale was to become null and void; also that an abstract was to be furnished by Biggers. The note for $500 was put up as forfeit in the event either party failed to comply with the contract. No abstract was tendered by defendant in error, the doing so having been waived by plaintiff in error. Plaintiff in error declined to close the contract, stating as an excuse that McKnight had failed to procure the loan specified. McKnight perfected the loan within a reasonable time and paid plaintiff in error $5,000. No time was specified in the contract for closing up the contract, and a reasonable time had not elapsed when plaintiff in error notified defendant in error that he would not comply with it, and this suit was not prematurely brought.

Conclusions of Law.

[1] 1. Several assignments are based on the refusal of the court to give special charges requested by plaintiff in error, and assignments 10 and 11 relate to certain instructions contained in the court's main charge, none of which will be considered because no bill of exception, as shown by the record, was reserved to the action of the court to either of the errors assigned as provided for by article 2061, Vernon's Sayles' Ann. Civ. St. 1914.

[2, 3] 2. The second assignment of error is based upon the refusal of the court to admit as evidence the following telegram from Edwin Chamberlain & Co. to the Texas Title & Loan Company, to wit:

"30—DA. RA.—50 Night Letter. San Antonio, Texas, July 27th, 1915. The Texas Title & Loan Company, Waxahachie, Texas: Replying yours twenty-sixth we cannot waive payment taxes due Dallas County and only way we see to arrange matter would be for us to reserve out of proceeds of our loan sufficient amount to pay these taxes together with interest, penalty, etc. Advise us if this can be done. Edwin Chamberlain and Company. 8:35 p. m."

The objection to this evidence was that it was a copy, and hence secondary. The court did not err in refusing to admit this copy in evidence, as it was secondary evidence, and not admissible. Besides, its contents were testified to by two witnesses without objections, therefore no harm resulted to plaintiff in error.

[4] 3. There was no error in the court not sustaining special demurrer, which is as follows:

"And defendant further specially excepts to plaintiff's supplemental petition because the same seeks to vary the terms of written contract expressly sued upon by plaintiff, and to ingraft upon said contract conditions not embodied in said contract, in that plaintiff failed to furnish abstract, but only offered to furnish same."

Said supplemental petition did not attempt to vary by parol the written contract, but merely set up waiver by plaintiff in error relative to furnishing an abstract.

4. The assignment relating to remarks made in argument by defendant in error's attorney does not require a reversal of this case, and said assignment is overruled. The evidence supports the judgment, and no error is shown in the giving or refusal of charges.

The judgment is affirmed.