LARKEY TONE v. THE STATE.

No. 14015.   Delivered April 15, 1931.
Rehearing Denied May 27, 1931.

The opinion states the case.

*Mathis & Mathis,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing

stolen property over the value of $50; punishment, two years in the penitentiary.

The indictment in this case contained two counts, one charging felony theft, and the other charging receiving and concealing stolen property of the value of more than fifty dollars. The court submitted in his charge to the jury only the second count. The verdict of the jury found appellant guilty as charged in the indictment, and fixed his punishment. By some oversight in entering the judgment appellant was adjudged to be guilty of theft of property of the value of more than fifty dollars, etc. For some unknown reason further, when sentence was pronounced upon appellant he was sentenced as upon a judgment for felony theft. Complaint is made of this situation in appellant's brief, no attention seeming to have been paid to the matter in the trial court, and we are asked to reverse this case upon the proposition that the judgment and sentence do not follow the charge of the court.

This court is given express authority by the terms of article 847, C. C. P. to reform and correct judgments of lower courts as the law and nature of the case may require. Many authorities will be found collated under said article in Mr. Vernon's Code of Criminal Procedure, and in Mr. Branch's Annotated P. C. We conceive it within our authority to reform and correct this judgment and sentence so as that the judgment will adjudge this appellant to be guilty of the offense of receiving and concealing stolen property of the value of more than fifty dollars, and the sentence will be so reformed as that it shall follow the judgment thus corrected. The authorities are so numerous as not to need citation.

We find in this record three bills of exception. The first complains of testimony from Mr. Henckel, the alleged owner of the stolen property, as to its value at the time it was lost. The court in his qualification to the bill calls attention to the fact that Mr. Henckel testified that he knew the market value of such property as his, had recently bought same, and knew what it would bring on the market. The bill shows no error.

The next bill of exception complains of a question to Mr. Townsend while on the witness stand, asking him if while at Bay City appellant made any statement to the county attorney. We fail to see any reasonable ground for objecting to this question.

The remaining bill complains that witness Townsend was permitted to testify that while in his custody appellant made a written statement. Ths bill is also qualified by showing that the parties to whom the confession was made by appellant gave to him the full statutory warning.

The testimony seems ample to support the conviction. Two saddles worth approximately one hundred and fifty dollars were missed at or about the same time and place. According to witnesses, about this time or little later appellant appeared and sold one of the saddles, claiming to own it. In a written confession made by him, which was introduced

in evidence, he set up the fact that it was stolen by another party and delivered to him, and that he in conjunction with the other party sold it. He took the witness stand himself and claimed that this written confession was made by him under duress and compulsion. The learned judge who tried the case is one of our most careful judges, and in his charge to the jury he fully submitted the law regarding such situation, and told them that if they believed the confession was obtained by compulsion, or if they had a reasonable doubt as to whether it was voluntarily and willingly made, they should acquit the defendant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is appellant's contention that the evidence shows if he had any connection with the stolen property it occurred in Harris county, and that the venue of the prosecution was not in Brazoria county.

No complaint of the venue seems to have been raised in the court below but is presented for the first time here. Article 847, C. C. P. (1925), provides that this court shall presume that venue is proven in the court below unless it is made an issue in the trial court.

The theft of the property occurred in Brazoria county. Article 200, C. C. P. (1925), also settles the point against appellant even if the issue of venue had been raised in the trial court. The article reads: "Receiving and concealing stolen property may be prosecuted in the county where the theft was committed, or in any other county through or into which the property may have been carried by the person stealing the same, or in any county where the same may have been received or concealed by the offender."

The provisions of the article just quoted fixed the venue in either Brazoria county or Harris county at the option of the state.

The motion for rehearing is overruled.

*Overruled.*