## KIRKLIN v. STANDARD COFFEE CO., Inc.

No. 12307.

Court of Civil Appeals of Texas. Dallas.

March 5, 1938.

· 264

White & Yarborough, of Dallas, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

BOND, Chief Justice.

This suit arose out of an automobile collision, occurring in the northwestern portion of the city of Dallas, on Maple avenue, one of its principal streets near the ·vicinity of Love Field. C. M. Nutt, an employee of Standard Coffee Company, Inc., while driving a truck belonging to the company, collided with another truck, resulting in damage and injury to the trucks and occupants.

In the course of his employment Mr. Nutt, driver of appellee's truck, called at the home of Miss Alice Joe Kirklin, appellant, at Vickery, a small village . or town northeast of Dallas, ostensibly on . business for his employer; and, upon leaving, asked appellant to ride with him as his guest on his route about the city to deliver coffee and collect for his employer. She accepted his invitation, got into appellee's truck, and the two rode about Vickery, calling upon customers, visiting beer ·taverns, drinking beer together, and thereafter driving through Highland Park and University Park, two adjacent cities, and partly across the northern portion of the city of Dallas. Some two or three hours after leaving, and when about eight miles from Vickery, on returning to take his guest home, Mr. Nutt caused appellee's truck to collide with another truck, under circumstances which raised the issue of negligence resulting in injury to appellant while she was in appellee's truck.

Appellee's liability rests on whether or not its employee, C. M. Nutt, was authorized to allow guests to ride in the company's truck and was· within the course of his employment when he invited and accepted appellant as his guest passenger, and allowed her to ride with him on the occasion in question. If the invitation and acceptance of the engagement by appellee's driver were authorized, expressly or by implication, or if such engagement was in furtherance of the business of his employer and within the scope of the driver's employment, clearly the negligence of the agent would be imputed to his principal, and his principal would be liable for the injury proximately resulting to the guest.

On trial, after the conclusion of the evidence, ·the court, on motion, peremptorily instructed the jury to find for appellee; accordingly, entered judgment.

The uncontroverted evidence is, that the truck driver not only did not have author· ity to permit passengers to ride in appellee's truck, but he had express instructions from his employer, verbal and written, not to do so, or to permit same to be done. Appellant knew the purposes for which the truck was being used and the use to which it was then being employed; she saw the design of it and the name of

"Standard Coffee Company" stenciled thereon. There was nothing about the truck to raise a reasonable inference that it was being operated for transportation of passengers or for pleasure of the driver. Appellant also knew the purpose for which the invitation was extended to her, and that the engagement to ride in the truck was not in furtherance of his business for the coffee company. She further knew, before she accepted the invitation to ride in the truck, that her presence thereon would not be in furtherance of the company business, and that the driver would not be acting within the scope of his employment in allowing her to ride in the truck.

It was shown, without contradiction, that Mr. Nutt's express duties were to haul coffee and other products for the Standard Coffee Company, to sell and collect for same, and to solicit new customers. The truck was designed for that purpose; it was a business truck, with the company's insignia printed on its sides. The invitation to ride was for their mutual pleasure, and, manifestly, had nothing to do with the coffee business which appellant knew the driver was then engaged in. His employment directed him to drive appellee's truck only on company business; and, if it be assumed, and we think the evidence tends to raise the issue that, at the time of the collision, Nutt was actually engaged in driving the truck in connection with the business of the Standard Coffee Company, nevertheless, the undisputed evidence is that, in inviting appellant to drive with him on his route, he was neither doing it as a means nor for the purpose of performing his duties. The social engagement had no connection whatever with his work, either directly or indirectly. It was an independent and private enterprise contributing to the mutual pleasure of himself and his guest, not only without authority of his employer, but contrary to express instructions. Mr. Nutt testified: "At the time I went to work for them, the Standard Coffee Company gave me instructions * * * not to let anyone ride in the car with me. Mr. Mullins, Manager of the Standard Coffee Company, gave me those instructions. Other than the verbal instructions, I was furnished with written instructions, with reference to carrying passengers." Mr. Mullins also testified: "At the time I employed Mr. Nutt to drive this truck for the company, I gave him instructions in connection with the handling of the truck and particularly in reference to the matter of carrying passengers in the truck. The instructions to all drivers, including Mr. Nutt, were to carry no passengers whatever; they were not allowed to even carry members of their own family in the trucks belonging to the company." The written instructions of the company to Mr. Nutt specifically provided that; "No one may ride in a truck of the Standard Coffee Company, except employes of the Standard Coffee Company. You may not ride hitch-hikers or other strangers. You may not ride customers or their children. You may not ride members of your family."

We must hold, on such state of fact, that the driver of appellee's truck had no authority to permit appellant to ride on the truck, and in doing so he acted beyond the scope of his employment; and that, in accepting the courtesy of the driver to ride in the truck, appellant assumed the risk of the driver's authority and the extent of his employment. We think the trial court correctly held, as a matter of law, that appellee was not liable to appellant for damages proximately resulting from such unauthorized act of its driver; he was not acting within the scope, or apparent scope, of his employment, but directly contrary to the instructions of his employer.

Appellant complains of the action of the trial court, in permitting, over her objections, the testimony showing the limitation or restriction on the driver's employment effecting the use of appellee's truck, in restraining passengers from riding thereon. In cases of this kind, it is encumbent upon plaintiff to allege and prove that the truck involved in the collision was the property of the defendant, that the driver was the agent of the owner, and that, at the time of the collision, the driver was acting within the scope of his employment. This, appellant attempted to do by showing that the truck had stenciled on its sides the words "Standard Coffee Company," and that Mr. Nutt was in charge of the truck; thus, in the absence of proof to the contrary, the presumption would have prevailed that the agent was clothed with authority to do the things that he did do, and that the acts committed by him were done within the scope of his employment. Clearly, defendant (appellee) had the right to show the nature and extent of the driver's employment, the limitation

and restriction on his authority, and the scope of his employment as to permitting passengers to ride on appellee's truck, without imputation that such testimony was privileged and self-serving. The testimony of Mr. Nutt and Mr. Mullins, and the written instructions of the company, above related, we think, were admissible.

Appellant further assigns error on the action of the trial court in sustaining appellee's special exception to her petition, and the proffered evidence relating to settlements and payments of damage to the owner and occupants of the other truck involved in the collision; and the payment of compensation to appellee's driver, incident to the collision, by appellee's compensation insurance carrier.

It may well be conceded, under many authorities of this state, that the pleadings and evidence excluded by the court would show, or tend to show, an acknowledgement by appellee of liability for damages and injuries resulting from acts of its agent, done within the scope of the agent's employment; but we fail to see how such acknowledgment could possibly affect the issue of appellee's liability as to appellant. Appellee's liability for injuries sustained by appellant in the collision is entirely different from that of the other injured parties. At the time of the collision, appellant was a trespasser, riding on appellee's truck contrary to the express inhibition of appellee that its drivers should not take passengers; whereas the other injured parties were on a public highway, at a place where they had a right to be, and where they could reasonably have been expected. If appellee's driver was on his route, as the evidence tends to show, and at the time of the collision was performing services or acting within the scope of his employment, the pleadings and proffered evidence of settlement, payment of damage to the parties in the other truck, and payment of compensation to appellee's driver, under some authorities of this state, would tend to show appellee's liability as to those injured on such highway; but not as to one occupying the position of appellant; the controlling difference in the two being that appellee would be liable to the parties in the other truck for the wrong done by its driver, while in the service of the company, to which they did not contribute, and not liable to others for the same acts done, when the driver, wholly for a purpose of his own and disregarding the object for which he was employed, placed the party injured in the zone where the collision occurred. Appellant could not recover against appellee, regardless of whether or not, at the time and place of the collision, the driver was on a mission for his employer.

We think that the pleadings and testimony were not available to appellant, and that the action of the trial court, in excluding same, was not error. Finding no reversible error, the judgment of the court below is affirmed.

Affirmed.