## MANSELL BROS. v. KRUSE.

### No. 9381.

Court of Civil Appeals of Texas. Austin.
July 14, 1943.

Rehearing Denied July 28, 1943.

Shepherd & Patterson, of Ballinger, and E. M. Critz, of Coleman, for appellants.

Paul Petty, of Ballinger, for appellee.

BLAIR, Justice.

Appellants sued appellee on a note for $400, for interest, attorney's fees, and for foreclosure of a mortgage lien on a Farmall tractor securing the note. Appellee answered that appellants agreed to take the tractor in full settlement of the note, which agreement the jury found was made, and judgment was accordingly rendered for appellee.

Appellants contend that the judgment should be reversed upon three grounds, as follows:

1. Because the undisputed evidence showed that appellee had not paid the note, and still owed same, which fact he admitted by listing the note as an indebtedness owing by him in a bankruptcy proceeding filed by him, and by his oral deposition taken shortly before the trial in the instant case.

2. Because appellee's attorney made the following improper and prejudicial argument to the jury: "Gentlemen, the defendant in this case is a poor ignorant clod hopper and if you render a verdict for the plaintiff this tractor will be sold by the sheriff and it will not bring more than $25.00 under the hammer; as you know property never brings anything like its value under the hammer and the defendant will then have to pay the balance of this note."

3. Because the trial court excluded certain admissible and material evidence relating to appellee's sworn statements in listing the note as an indebtedness in his bankruptcy proceeding, and in his oral deposition taken in the instant case; all of which evidence was excluded on the ground that it involved an opinion or conclusion of appellee as to whether he still owed the note in suit.

Neither of these contentions or grounds is sustained.

With respect to contention or ground "1", the sole issue made by the pleadings and evidence was whether appellants agreed to take the tractor back in full settlement of the note in suit. Appellee testified that he made such an agreement with one of the partners of Mansell Brothers, appellants. The partner named testified that he had the authority to make such an agreement for the partnership, but that he made no such agreement with appellee. The jury found upon this conflicting evidence that the agreement was made to take the tractor

in full settlement of the note, which concludes the matter.

It is true that about six days after appellee claimed to have made the agreement with appellants to take the tractor back in full settlement of the note, he filed a petition in bankruptcy in which he listed the note in suit as a secured claim of appellants against him. He testified, however, that he filed the bankruptcy proceeding after he learned that appellants had repudiated the agreement and were threatening to sue him on the note; that the conciliator in bankruptcy, after appellee informed him of the agreement and threat of suit, prepared the petition listing the note as the secured claim of appellants, stating to appellee that the proceeding would forestall the suit or judgment on the note and force a settlement of the issue as to whether appellants agreed to accept the tractor in full settlement of the debt. At the creditors' meeting appellee urged the agreement to take the tractor in settlement of the note, but appellants denied the agreement.

The bankruptcy petition listing the note as the secured claim of appellants and the order dismissing the proceeding without prejudice to appellee to refile were introduced in evidence by appellants, and appellee testified that he told the creditors at the creditors' meeting that he did not wish to be adjudged a bankrupt.

By answer to questions when the oral deposition of appellee was taken and on the trial, appellee either stated, "I still owe the note," or, "I don't know whether I owe it or not," or, "Well, I guess—I don't know —if he would be willing to carry out his agreement to take the tractor for the indebtedness and give me my note. I don't know whether I owe him or not, then."

■ The listing of the note as an indebtedness in the bankruptcy proceeding, and all testimony elicited on cross-examination either by deposition or on the trial, related to the issue of whether there was an agreement to take the tractor in full settlement of the note in suit, or related to the credibility of appellee in making that claim. Such declarations or admissions were fully explained in other portions of appellee's testimony, leaving such matters for the jury to determine.

■ The alleged improper argument of counsel was under the facts a matter within the sound discretion of the trial court. No objection was made to the argument when made, and no request was made to instruct the jury to disregard it. In his qualification of the bill of exception, the trial court stated that he regarded the argument as being invited by the opening argument of counsel for appellants to the jury. In insisting that the jury find for appellants, counsel told the jury that if judgment were rendered against appellee on the note, he could discharge same in bankruptcy, but as to which matter counsel then told the jury they had no business to attempt to deal with. Counsel for appellee prefaced his above quoted remarks by calling the attention of the jury to this argument of counsel for appellants, stating that appellee did not want to take bankruptcy, and then made the argument complained of. The bankruptcy proceeding and the agreement to take the tractor back in full settlement of the note were under the testimony intermingled transactions relating to the note. The fact that appellee was poor and ignorant in business matters had been testified to, and the bankruptcy proceeding introduced by appellants was evidence of the fact that he was poor. So, if the argument of appellee were improper, we think that the findings of the trial court that no objection was made to it and no request made to instruct the jury to disregard it, and that it was invited by the argument of counsel for appellants, show no abuse of the discretion vested in the trial court in such matters. The argument cannot under the circumstances be held to be so prejudicial as to require a reversal of the case.

On cross-examination appellee was asked and answered certain questions, as follows:

"Q. You still owe it, don't you? (referring to the note sued on). A. I don't know whether I owe it, or not."

Question and answer with reference to sworn statement in bankruptcy proceeding:

"Q. So then when you filed this statement and swore to this statement that you owed them $430.00, you had decided that this trade that you had made with Claude Mansell wasn't going to stand up? A. I figured they were going to try to sue me and I was going to try to stop the judgment."

Questions and answers with reference to oral deposition of appellee:

"Q. Then why did you swear you owed them $430.00? A. They never have released it or give me any notes. The tractor is still out there.

"Q. The tractor is still there? A. It is still there all the time.

"Q. But why did you swear you owed them $430.00? A. They haven't given me my note.

"Q. Do you now swear that you owe them $430.00? A. I still owe them.

"Q. I'm not asking that. You say now you owe them $430.00, do you? A. Yes.

"Q. And so you then on January 1st, 1942, swore that you owed the note and owned the tractor. That was true or you wouldn't have sworn it? A. That is the truth."

The objections to these questions and answers were sustained upon the ground that the sworn statement in bankruptcy was in evidence and whether appellee owed the note was the issue to be determined by the jury, or was merely an opinion or conclusion of appellee. The jury was not instructed to disregard the answers.

 Whether appellee still owed the note as related to his defense that appellants had agreed to take the tractor back in full settlement of it was a matter for the jury to pass upon. Appellee admitted both by pleadings and evidence that he had not paid the note. Why he made the statements in his list of claims in the bankruptcy proceeding and his oral deposition that he still owed the note, or that he now owed the note, were all qualified by his other statements such as: "Well, I guess—I don't know —if he would be willing to carry out his agreement to take the tractor for the indebtedness and give me my note. I don't know whether I owe him it or not, then." All of the transactions relating to the note, the agreement to accept the tractor in settlement of it, and the filing of the bankruptcy proceedings either to forestall a judgment on the note or to force appellants to recognize the agreement were fully testified to by appellee. In fact, there was little conflict in the evidence except as to the agreement that the tractor would be accepted by appellants in full settlement of the note. Under such facts we think the evidence was properly excluded either because it was a rehash of what had been testified to without objection, or was a matter about which there was no controversy. If it were a matter affecting the credibility of appellee, he had testified over and over without objection and properly as to why he listed the note as an unpaid claim in the bankruptcy

proceeding, and why he had stated in his oral deposition that he still owed the note, always explaining such action and declarations by the further statement or qualification that he had not paid the note and still owed it, if the agreement to take the tractor in settlement of the note were not made as alleged by him. In any event, if it were error to exclude the testimony complained of, such error was not such as was calculated to cause or probably cause an improper judgment in the case, because other evidence of substantially the same nature was admitted, and the exclusion of the evidence was therefore harmless. Perry v. Patton, Tex.Civ.App., 68 S.W. 1018; Galveston. H, & S. A. R. Co. v. Pingenot, Tex.Civ.App., 142 S.W. 93, error refused; Chicago, R. I. & G. R. Co. v. Oliver, Tex.Civ.App., 159 S. W. 853, error refused; 4 Tex.Dig., Appeal and Error, ⬅ 1058, and cases there cited; and Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.

Affirmed.