C. B. CASWELL, d/b/a B–C Furniture Co., et al., Appellants,

v.

Henry H. SATTERWHITE, d/b/a Satterwhite Funeral Home, Appellee.

No. 3257.

Court of Civil Appeals of Texas.

Waco.

March 24, 1955.

Opinion After Filing of Remittitur March 31, 1955.

Rehearing Denied April 14, 1955.

Bondies & Flahive, Dallas, for appellants.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

McDONALD, Chief Justice.

Appellee Satterwhite as plaintiff sued appellants Caswell and Harvin as defendants for $1,500, seeking recovery of damages to his ambulance which was struck by a truck belonging to appellant Caswell and driven by appellant Harvin. Parties will hereafter be referred to as in the Trial Court.

Plaintiff alleged that his ambulance carrying an extremely sick patient, with its emergency lights flashing and its siren sounding, was struck as the result of a number of acts and omissions on the part of defendants constituting negligence. Defendants

brought a cross action and alleged contributory negligence. One of plaintiff's witnesses, Johnson, as to the value of the ambulance before and after the accident, testified that the value of the ambulance before the accident was between $4,200 and $4,500 and that its value after the accident was $1,800 to $2,200. When this evidence was admitted plaintiff, by trial amendment, raised the amount of damages pled for from $1,500 to $2,700.

The jury returned a verdict finding the plaintiff not negligent, and the defendant negligent, and fixed the value of the ambulance at $4,200 before the accident and $2,200 after the accident. The Trial Court granted plaintiff judgment against defendants for $2,000.

Defendants appeal to this court on six Points of Error: 1) That the Trial Court erred in excluding from evidence a letter written to defendants by a Mr. Bowers, then attorney for plaintiff, which purportedly fixed the damage to plaintiff's ambulance at $300. 2) That the evidence was wholly insufficient to qualify the witness Johnson to testify as an expert as to the value of the ambulance. 3) That there is no competent evidence to support the jury's finding and the judgment for damages in the amount of $2,000. 4) That the Trial Court erred in not admitting into evidence testimony concerning a settlement in the Justice Court of a cause of action filed by defendants against plaintiff, which grew out of the same facts as involved in this case. 5) That the Trial Court erred in holding that plaintiff's ambulance was being operated in response to an emergency call, and in submitting the cause to the jury on this theory. 6) That the Trial Court erred in allowing the jury to find excessive damages and in not ordering a remittitur.

 Defendants' 1st Point of Error complains of the Trial Court's action in excluding from evidence a letter written to defendant by a Mr. Bowers, who was the home-town attorney for plaintiff. The letter advised defendant that the writer was attorney for plaintiff; referred to the accident and to plaintiff's damaged ambulance; and then contained this language: "Two concerns made an estimate on the necessary repairs, and the amount of the damage is $300 as fixed by said estimates, which we believe to be as reasonable as it will be possible to obtain from reputable repair shops. I request that you let me have your remittance for this amount * * *."

We believe that admissions of facts made in collection letters written by an attorney in reference to a claim in his hands are competent evidence against his client, if the attorney was authorized to present the claim out of court. 97 A.L.R., Part III, p. 395; Logre v. Galveston Electric Co., Tex.Civ.App., 146 S.W. 303; St. Paul Fire & Marine Ins. Co. v. Clark, Tex.Civ.App., 200 S.W. 229; Parker v. Louisville & N. L. Co., 230 Ill.App. 259. We believe that the tendered letter was admisisble in evidence. However, a review of the record in this cause reflects that plaintiff testified that he had engaged Mr. Bowers to look after the matter of the damaged ambulance for him; that Mr. Bowers wrote a letter to defendant, sending plaintiff a carbon copy of same; that plaintiff told Mr. Bowers the amount of damages to the ambulance; and that he had 2 estimates fixing the damage to the ambulance at $300; and that these estimates were reasonable and from reputable repair shops. Plaintiff then reiterated that the damages were $300.

*Thus we see that all information contained in the letter was in the record and before the jury from the testimony of the plaintiff himself.* Since such is the fact, defendants must be deemed to have received the benefit of all of these matters, so that the exclusion of the letter itself as an exhibit could not have been harmful or prejudicial to them. It is well settled that error in the exclusion of evidence will be deemed harmless where other evidence of substantially the same nature and effect is admitted. 3–B Tex.Jur., Sec. 1042. In the following cases our courts have held the erroneous exclusion of a letter or other written memoranda from evidence, to be harmless, when all facts stated in the letter or other memoranda are shown by the rec-

ord otherwise: Sandifer v. Ft. Worth Nat. Bank, Tex.Civ.App., 8 S.W.2d 512; Gulf Oil Corp. v. Smith, Tex.Civ.App., 145 S.W.2d 280; Smith v. International & G. N. Ry. Co., 45 Tex.Civ.App. 81, 99 S.W. 564; Feingold v. Lefkovitz, Tex.Civ.App., 147 S.W. 346, 347; St. Louis Southwestern Ry. Co. v. Kerr, Tex.Civ.App., 184 S.W. 1058; Couch v. Biggers, Tex.Civ.App., 198 S.W. 1101; Sanitary Mfg. Co. v. Gamer, Tex. Civ.App., 201 S.W. 1068; Maxey v. Norsworthy, Tex.Civ.App., 49 S.W.2d 885. Many other cases hold that the exclusion of evidence becomes harmless when the same matters are admitted in other testimony. See Turner v. Hodges' Estate, Tex. Civ.App., 219 S.W.2d 522; Rose v. O'Keefe, Tex.Com.App., 39 S.W.2d 877; Mansell Bros. v. Kruse, Tex.Civ.App., 173 S.W.2d 461; Kroll v. Scott, Tex.Civ.App., 155 S.W.2d 985; Dudley v. Strain, Tex.Civ. App., 130 S.W. 778; Viduarri v. Bruni, Tex.Civ.App., 179 S.W.2d 818; Service Refining Co. v. Hutcherson, Tex.Civ.App., 179 S.W.2d 772; Falls County v. Young, Tex.Civ.App., 77 S.W.2d 912; Osterloh v. San Antonio Public Service Co., Tex.Civ. App., 77 S.W.2d 290; Green v. Hagens, Tex.Civ.App., 51 S.W.2d 771; Boyd v. Guinn, Tex.Civ.App., 44 S.W.2d 1112; Browning v. Nesting, Tex.Civ.App., 219 S.W.2d 712; Fisher v. Leach, Tex.Civ. App., 221 S.W.2d 384; Hayman v. Dowda, Tex.Civ.App., 233 S.W.2d 466; Ebberts v. Carpenter Production Co., Tex.Civ.App., 256 S.W.2d 601.

We therefore hold that the error in excluding the letter written by Mr. Bowers to defendants was harmless error and did not prejudice the defendants since the same information was elicited from the plaintiff himself and was thus before the jury.

[4, 5] Defendants' 2nd Point contends that the evidence is wholly insufficient to qualify the witness Johnson as an expert to testify in answer to hypothetical questions as to the value of the ambulance, which he had never seen. An examination of the record reveals that the witness Johnson worked for Hamilton Motor Co., where his job was *estimator of the values of auto-* *mobiles—wrecks and trade-ins, and things likes that;* that he knew the value of used and damaged ambulances in Dallas County; that he had estimated the values of ambulances in Dallas County; that he was familiar with the market value of used ambulances and damaged ambulances; that he knew their value in Dallas County on 11 May 1953.

From the above we conclude and hold that the witness Johnson was amply qualified to testify as an expert and to answer hypothetical questions as to the value of the plaintiff's ambulance before and after the accident. A witness' own statement that he knows the value of a thing is usually sufficient to authorize the reception of his opinion. The witness Johnson definitely testified that he was familiar with the market value of damaged and used ambulances in Dallas County and did know their value as of the date in question. McDaniel Bros. v. Wilson, Tex.Civ.App., 70 S.W.2d 618, Error Ref.; Tone v. State, 118 Tex.Cr.R. 577, 38 S.W.2d 801. The objections lodged by defendants to this witness go to the weight to be accorded his testimony rather than to its admissibility.

Defendants' 4th Point is leveled at the action of the Trial Court in instructing defendants not to mention the prior settlements in Justice Court proceedings between the plaintiff and defendants. Prior to the institution of this case by plaintiff against defendants, the defendants herein filed three suits against present plaintiff in the Justice Court, Precinct 6, of Dallas County for property damage and for personal injuries arising out of the accident which is the basis of the present suit. All three of these cases were settled for the total sum of $60, and *the contract of settlement signed by present defendants recites that the three controversies were compromised for a total of $60 and that the compromise shall not be offered or admitted in evidence in any law suit now pending or hereafter brought and that neither the compromise nor any part thereof shall be construed or used as an admission of liability on the part of present plaintiff.* The judgment of dismissal of the cause in the Justice Court recites that the

dismissal shall be without prejudice to any rights of defendants.

It is our view that the compromise settlement agreement of present plaintiff in the Justice Court cases brought against him by present defendants could not be an admission of liability and was properly excluded from evidence. American General Ins. Co. v. Ft. Worth Transit Co., Tex.Civ.App., 201 S.W.2d 869; Simmons v. Perkins, Tex. Civ.App., 193 S.W.2d 737; Kirklin v. Standard Coffee Co., Tex.Civ.App., 114 S.W.2d 263.

 Defendants' 5th Point complains of the Trial Court's holding that the plaintiff's ambulance was being operated in response to an emergency call under Section 24(c) of Art. 6701d, R.C.S., Vernon's Ann.Civ.St., and in trying and submitting the case to the jury on this theory. It is our view that the ambulance was being operated in response to an emergency as set out in the statute, since it was being used to transport a very sick patient 79 years of age, who seemed to be getting worse at the time, and who was suffering greatly. However, since the jury found negligence on the part of defendants and no contributory negligence on the part of plaintiff, plaintiff is entitled to recover in any event. Moreover, the charge of the Court was not objected to or excepted to in any way by defendants.

Defendants' 1st, 2nd, 4th and 5th Points are accordingly overruled.

■ Defendants' 3rd and 6th Points are to the effect that the evidence is insufficient to support the finding and judgment for damages in the amount of $2,000, and that the Trial Court erred in allowing the jury to find excessive damages and in not ordering a remittitur. We are in accord that the damages are excessive, and believe that the verdict and judgment of the Trial Court are excessive in the sum of $500, and that this cause should be reversed for that reason only. However, appellee is given 10 days from this date in which to file a remittitur of $500. Rule 440 T.R.C.P.; Jameson v. Zuehlke, Tex.Civ.App., 218 S.W.2d 326, 327; Dallas Ry. & Terminal Co. v. Enloe,

Tex.Civ.App., 225 S.W.2d 431. If such remittitur is filed within the time indicated, the judgment of the Trial Court will be reformed and affirmed.

Reversed and remanded.

### Opinion After Filing of Remittitur

Appellee having filed a remittitur as suggested by former opinion of this court, the judgment of the Trial Court is reformed in conformity with said remittitur, and as reformed is affirmed. All costs of appeal to date of remittitur are assessed against appellee.