## St. Louis Merchants Bridge Terminal Railway Company v. E. H. Tassey and H. C. Tassey, partners, etc.

1. VENDOR—*what essential to establish liability for delay in shipment.* In order to establish liability against a vendor for delay in shipment, it must be shown that such delay was unreasonable and resulted from some want of diligence.

Action on the case. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1905. Reversed, with finding of facts. Opinion filed September 8, 1905.

J. M. HAMILL, for appellant.

VICTOR KOERNER, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case in the Circuit Court of St. Clair County, by appellees against appellant, to recover damages for alleged unreasonable delay in the shipment of a consignment of cattle. Trial by jury. Verdict and judgment in favor of appellees for $553.39.

The declaration charges that appellees caused to be delivered to appellant on January 28, 1903, at St. Louis, Missouri, twelve car-loads of cattle, to be carried and delivered to Strahorn-Hutton-Evans Commission Company, at National Stock Yards, St. Clair County, Illinois; that it was the duty of appellant to carry said cattle without unreasonable delay; that the market for sale of cattle closed each day at 2 o'clock P. M.; that appellant unreasonably and negligently detained the cattle for three hours, and therefore they could not be placed on the market and sold until the next day; that by reason of such delay, the cattle suffered a depreciation in weight, and that the market was lower on the next day.

Appellant is a railroad corporation whose business is to transfer cars from Missouri to Illinois over the Merchants Bridge, across the Mississippi river. On January 26, 1903,

340    APPELLATE COURTS OF ILLINOIS.

VOL. 122.] St. Louis Merchants Bridge Terminal Ry. Co. v. Tassey.

appellees consigned twelve car loads of cattle from Sherman, Texas, to Strahorn-Hutton-Evans Commission Company, National Stock Yards, St. Clair County, Illinois. This consignment reached St. Louis, Missouri, and was delivered to appellant at 10:40 o'clock A. M., on January 28th, and reached the National Stock Yards at 1:40 P. M. The evidence proves that the ordinary time required to make such transfer is from one to two hours. In this case the time consumed was three hours.

Mere delay is not sufficient to create liability. To create liability the delay must result from some negligence or want of diligence on the part of the carrier. It must be an unreasonable delay, under all the circumstances of the particular case.

The only evidence that the delay in this case was unreasonable is the fact that considerable more time elapsed between the receipt of the cars at appellant's yard in St. Louis and the delivery of them at the National Stock Yards, than was usually required to make such transfer. This, however, we think is sufficient to place upon appellant the burden of explaining the delay to the extent of showing that it did not result from negligence or want of diligence on its part.

The undisputed evidence establishes that, at that time, the bridge over which the transfer must be made, was undergoing necessary repairs, and that but one of its tracks could be used; that ten passenger trains carrying United States mail had the right of way over the bridge ahead of freight trains; that these trains were behind time on this morning, and did not all get over until 12:20 o'clock; that between the time of receiving appellees' cars and the time the passenger trains had cleared the bridge, appellant had examined the billing and identified the cars, examined the seals and inspected the cars, couplings, safety appliances and brakes, and made the tests required by law, had the train made up and was started on the bridge at twelve thirty-four, within fourteen minutes after the last passenger car was out of the way; that at Madison it was necessary

to transfer and switch out a number of cars of perishable freight, which consumed thirty-five minutes, and that from the time the train left the Missouri side at 12:34, until it reached the National Stock Yards, it made such speed as it could, consistent with prudence and due caution. Each individual case of this class must necessarily stand upon its own facts and circumstances. Under the uncontradicted facts of this case, it is apparent that the delay complained of did not result from negligence or want of diligence on the part of appellant.

It is argued that appellant ought not to have had its bridge undergoing repairs. It owed a primary duty to the public to keep its bridge in safe repair, and repairs were necessary.

It is further argued that the freight train ought not to have waited for the passenger trains. All trains could not use the bridge at once; some reasonable regulations must be made and observed. And further, the schedule time for these trains was earlier, so that they would not delay freight of this character arriving at the hour this did, but on this particular morning these trains were late. This was necessarily unforeseen, and was not the fault of appellant, and it would have been recklessness for this train to have entered the bridge on another train's time.

And complaint is made because the train stopped long enough at Madison to transfer and switch out the cars of perishable freight. Appellant was a common carrier, for the public, and not appellees' exclusive carrier. It owed duties to others as well. Of the performance of these duties appellees cannot justly complain.

The judgment of the Circuit Court is reversed, and we find as ultimate facts to be incorporated in the judgment, that appellant was not guilty of the unreasonable delay charged in appellees' declaration, nor of any negligence, want of diligence or breach of duty with respect to the carrying and delivery of the cattle as charged in appellees' declaration.

*Reversed with finding of facts.*