## E. B. Sipes, Appellee, v. John Barlow, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Williamson county; the Hon. CARL E. SHELDON, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action by E. B. Sipes, plaintiff, against John Barlow, defendant, in the Circuit Court of Williamson county, to recover on a verbal contract whereby plaintiff agreed to move certain houses for defendant. From a judgment for plaintiff for two hundred dollars and costs, defendant appeals.

Plaintiff's declaration averred a contract with defendant made May 29, 1914, whereby plaintiff agreed to move two frame houses for two hundred and fifty dollars, defendant agreeing to place a foundation under the larger house within one week after the house was placed in position by plaintiff, and not to require plaintiff to keep moving tools under the house after such time. Plaintiff alleged that he moved the houses within a reasonable time, but owing to the failure of defendant to place the foundation as agreed, plaintiff could not secure his moving tools until July 27, 1914, and that defendant refused to pay the two hundred and fifty dollars. Plaintiff also alleged special damages to the amount of seven hundred and fifty dollars by reason of profits lost on another contract by reason of not having the tools. Defendant pleaded not guilty, with a special plea averring unskilful and negligent work by plaintiff, damaging one of the houses to the extent of one hundred dollars, and that defendant was damaged to the extent of fifteen dollars by plaintiff's failure to perform certain labor in excavating a basement as agreed.

Plaintiff's evidence established that defendant and plaintiff entered into an oral contract to move two frame houses owned by defendant. Plaintiff agreed to move the houses as they then stood for the sum of two hundred and fifty dollars. It also appeared that it was desirable that a room be taken off of the large house to facilitate moving, and it was agreed that if defendant would detach the room plaintiff would move the buildings for two hundred dollars; but if plaintiff had to detach and remove it, or move the building with the room attached the price would be two hundred and fifty dollars. It was stipulated that plaintiff would not be liable for any damage to the building, and that under the contract defendant was to build a foundation under the large house within ten days from the time plaintiff had placed it in position so that plaintiff could remove his house moving tools from under the building. The houses were moved and the latter of the two houses placed in position on May 29, 1914. Repeated demands were made by plaintiff for the tools but they were not obtained until about the 27th of July following. It further appeared that at that time plaintiff had a contract with one Davis to move a house for five hundred dollars and that because of defendant's failure to release the moving tools plaintiff had to procure the assistance of another house mover, with his tools, in the moving of the Davis house, and that by reason of this he lost profits to the amount of one hundred and twenty-five dollars or more.

Defendant's evidence tended to prove that plaintiff agreed to move the houses for two hundred dollars if the room was detached but if not detached he was to have two hundred and fifty dollars for moving it. Plaintiff agreed to detach the room or ell himself if permitted so to do, and move the house for two hundred dollars. Defendant denied agreeing to place a foundation under the second house moved and denied that the stipulation that plaintiff was to be exempt

from liability for damages caused by the moving of the houses but said that plaintiff agreed to move the houses without damage and leave them in as good condition as he found them. The evidence of defendant tended to prove that the houses were damaged, the plastering cracked, chimney injured, and that one of the houses was otherwise twisted and damaged to the amount of seventy-five dollars. It also appeared that plaintiff agreed to assist in digging the basement under the house as part of the consideration under this agreement, which he failed to do; and further tended to show that defendant incurred additional expense amounting to about seventeen dollars in procuring materials to remedy the injury caused by plaintiff's failure to properly care for and support the houses in the removal.

It appeared from the testimony of the plaintiff that some time in the month of July he had a conversation with defendant in which he says defendant offered to pay him two hundred dollars, by check, for that amount. This is denied but the defendant testified that in this conversation: "He claimed that I owed him two hundred and fifty dollars. I claimed that I owed him two hundred dollars." This declaration was made prior to the commencement of the suit and before either of them had figured upon any extras that they might demand of each other.

DENISON & SPILLER, for appellant.

PILLOW & STONE, for appellee; J. L. HARMON, of counsel.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 155*—*when province of jury to determine facts.* Where the evidence is conflicting it is for the jury to determine what facts are proved thereby.

2. CONTRACTS, § 61*—*when evidence of loss of profits inadmissible.* In an action to recover on a contract for moving houses, where it appeared that defendant breached the contract by failing to build a foundation under the houses as agreed so that plaintiff could remove his moving tools, evidence of profits lost by plaintiff on another contract as a result of not having his tools *held* erroneously admitted, the evidence admitted not being competent, as the damages sought to be proved thereby were speculative and not proper elements of damages in the action.

3. DAMAGES, § 66*—*what is measure of damages for breach of contract to move houses.* In an action to recover for breach of a contract for moving houses where it appeared that defendant breached the contract by failing to build a foundation under the houses as agreed so that plaintiff could remove his moving tools, the measure of plaintiff's damages is the value of the use of the tools for the time during which plaintiff was deprived of such use.

4. DAMAGES, § 61*—*when prospective profits not recoverable.* Prospective profits are too remote and speculative to be the measure of damages in actions for breach of contract, such damages being conjectural and misleading, and their realization being subject to many uncertain contingencies.

5. EVIDENCE, § 154*—*when declaration constitutes admission of liability.* In an action to recover for breach of a contract for moving houses, a declaration made by defendant prior to any controversy arising from the contract that "he claimed that I owed him two hundred and fifty dollars; I claimed that I owed him two hundred dollars," *held* to be a clear admission by defendant that he owed plaintiff two hundred dollars.

6. EVIDENCE, § 160*—*when declaration not statement in effort to compromise.* In an action to recover for breach of a contract for moving houses, a declaration made by defendant prior to any controversy arising from the contract that "he claimed that I owed him two hundred and fifty dollars; I claimed that I owed him two hundred dollars," *held* to be an admission of an independent fact and not a statement made in an effort to compromise, although such statement was made when plaintiff visited defendant to obtain a settlement, it appearing that the differences between the parties were not sought to be adjusted at such time, nor was any effort then made by either party to compromise.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. Evidence, § 160*—*when offer of compromise not competent.* Offers by way of compromise are not competent against the party making the offers.

8. Evidence, § 160*—*when evidence of admission of independent fact competent.* Evidence tending to prove the admission of an independent fact is competent although the admission is made in an effort to compromise or settle differences, unless expressly stated to be made without prejudice or in confidence.

9. New trial, § 5*—*when refused because of admission of liability.* A new trial will not be granted although there was error in the proceedings of the trial court where the record shows that defendant admitted that he owed plaintiff a sum exactly equal to the amount of the damages assessed by the verdict.

10. Appeal and error, § 1401*—*when verdict not disturbed on review.* Where substantial justice has been done by a verdict, the Appellate Court has no right to disturb the verdict on review, although there was error in the proceedings in the trial court.