## David E. Parker, Appellee, v. Louisville & Nashville Railroad Company, Appellant.

1. EVIDENCE—*when letter stating amount of claim against carrier admissible.* In an action by a shipper against a carrier of freight for loss from delay in delivery, letters written by the claimant's attorney to the carrier stating the amount of his claim are admissible where no negotiations for settlement of the claim were pending when they were written.

2. CARRIERS—*instruction charging carrier on agent's unauthorized preferential agreement erroneous.* It was error, in an action by a shipper against a freight carrier for damages from delay in delivering a shipment of goods, to instruct the jury, in substance, that if the agent of the first carrier agreed to deliver the shipment to a connecting carrier in time to make connections with a particular train and failed to make such delivery, to the shipper's damage, the carrier would be liable, where the evidence shows that the agent could not lawfully make such agreement because of the absence of any provision therefor in the tariff filed at the station in question, such agreement being unlawfully discriminatory in favor of the shipper within the meaning of Public Utilities Act, sec. 38, Cahill's Ill. St. ch. 111a, ¶ 53, forbidding such agreements.

3. CARRIERS—*instruction charging freight carrier for any delay erroneous.* It was prejudicial error to instruct the jury that a carrier of freight could not escape liability for loss sustained by a shipper through the delay of the carrier in question in delivering the shipment to a connecting carrier, if delivery was delayed by the initial carrier, unless they found that such delay was not the result of negligence by such initial carrier, since the carrier was liable only for unreasonable delay.

Appeal by defendant from the Circuit Court of White county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1923. Reversed and remanded. Opinion filed July 2, 1923.

CHARLES P. HAMILL, for appellant; JAMES M. ENDICOTT and CYRIL C. ENDICOTT, of counsel.

ULYS PYLE, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action was brought by appellee in a justice court in White county against appellant to recover damages for an alleged delay in shipment of a car of melons from Carmi to Flora. Appellee recovered a judgment in the justice court and on appeal to the circuit court a trial was had resulting in a verdict and judgment in favor of appellee for $175. To reverse said judgment this appeal is prosecuted.

It is contended by appellant for a reversal of said cause that the court erred in its rulings on the evidence and on the instructions.

The facts so far as necessary to a determination of said cause are as follows: Appellee, a farmer and gardener living near Carmi, was desirous of shipping a car of melons from Carmi to Flora. Appellee testified that he began loading the car on the morning of August 9 and, finding that he could not finish before five o'clock, called on appellant's agent and requested said agent to give him the billing on said car and let him finish loading it afterwards, as he, appellee, wanted to start by automobile early the next morning for Flora to look after the sale of said melons; that the agent gave him the billing on the car and promised that the car would go out in time to make connection with the B. & O. at Enfield for Flora. Appellee further testified that the car of melons failed to make connection with the B. & O. on the morning of the 10th and that it did not arrive at Flora until late in the evening of August 11; that in the meantime the price on melons had dropped and that he had to sell the same at a sacrifice.

On the other hand, the agent for appellant testified that appellee came to him after the time at which the office at Carmi was ordinarily closed and asked him to bill out said car and that as an accommodation to appellee he did so; that he does not know at what time the car was loaded, and that nothing further was said to him in reference thereto; that on arriving at the

office at about eight o'clock the next morning he notified the chief train dispatcher that the car was ready to be picked up and that the local, which was due at Carmi at 8:20 in the morning, did not arrive until between ten and eleven o'clock. Said agent further testified that this was the train on which, in the regular course of business, said car would go out on. He also testified that he made no promise to appellee that the car would be delivered at Enfield in time to make connection with the B. & O. the next day; that nothing was said in regard thereto. The evidence on the part of appellant is to the effect that said local is usually somewhat late and that the B. & O. connection is only made about seventy per cent of the time.

It is first contended by appellant that the court erred in its rulings on the evidence.

On the trial of siad cause, appellant offered in evidence two letters written by counsel for appellee to the claim agent of appellant, one dated August 20, 1921, and another, August 31, 1921, the letter of August 20, 1921, being as follows: "Mr. D. E. Parker of this city has put into my hands for judgment the matter of a claim for loss growing out of a shipment of watermelons from this place to Flora, Ills., the loss being occasioned by delay in delivery. The shipment originated here on Tuesday, August 9th, and did not arrive at Flora until Thursday night following—too late for delivery until Friday morning. As a result of this delay Mr. Parker claims he lost $100.00 on the car of melons. In ordinary course the shipment should have reached its destination Wednesday afternoon. Will you please give this matter your early attention, and oblige." Signed Ulys Pyle.

Appellee was placed on the stand by appellant and stated that he had placed his claim in the hands of Pyle for collection, and in connection therewith testified: "I mean to say that I employed him in the case and left him to settle with the railroad company. I

thought he would have better judgment than I would have, that is the reason I employed him.'' The letter of August 31 was of a similar character to that of August 20. These letters stated the amount of appellee's claim and as the record discloses, there were no negotiations pending for a settlement of said claim, they should have been admitted, and the court erred in sustaining an objection thereto. *Thom v. Hess,* 51 Ill. App. 274; *Sipes v. Barlow,* 197 Ill. App. 239.

It is next contended by appellant that the court erred in giving the second and third instructions given on behalf of appellee. The second instruction is as follows: ''The jury are instructed that if you believe from a preponderance of the evidence that the defendant, by its agent, agreed to deliver the car of melons in question in this case to the connecting carrier at Enfield, Illinois, in time to make connection with a certain train of such connecting carrier, and that it failed to make such delivery, and because of such failure the plaintiff was damaged, then you should find for the plaintiff, and assess his damages at such sum as you find from the evidence he has sustained because of such nondelivery, not to exceed $300.'' This instruction is erroneous for the reason that appellant's agent could not lawfully make an agreement to deliver a shipment in time for a particular connection in the absence of any provision in the tariff. The evidence in this case discloses that there is no provision in the railroad tariff filed at Carmi, Illinois, providing therefor.

Any promise of the agent therefore that the car would make a certain connection, if established by the evidence, would under the law have amounted to an unlawful privilege or discrimination in favor of appellee. The first paragraph of section 38 of the Public Utilities Act [Cahill's Ill. St. ch. 111a, ¶ 53] provides as follows:

"No public utility, shall, as to rates or other charges, services, facilities or in any other respect, make or grant any preference or advantage to any corporation or person or subject any corporation or person to any prejudice or disadvantage. No public utility shall establish or maintain any unreasonable difference as to rates or other charges, services, facilities, or in any other respect, either as between localities or as between classes of service."

While there are no authorities in this State, so far as we have found and none have been cited, where this particular section of the Public Utilities Act has been construed by our Supreme Court, however it has been held by our courts that the Public Utilities Act is similar in its provision to the Interstate Commerce Act and that the decisions of the United States Supreme Court are persuasive as to the correct ruling to be adopted in this State in construing the Public Utilities Act. *State Public Utilities Commission v. Terminal R. R. Ass'n of St. Louis,* 281 Ill. 181; *Terminal R. R. Ass'n of St. Louis v. Public Utilities Commission,* 304 Ill. 312.

In *Chicago & A. R. Co. v. Kirby,* 225 U. S. 155, appealed from the Supreme Court of this State to the Supreme Court of the United States, a car of horses was being shipped from Springfield to Joliet and it was contracted by said railroad company that said car would be sent out so as to connect with a fast stock train, known as the "Horse Special," over the M. C. Railroad to New York; that the defendant failed to deliver the car at Joliet in time to make this connection and as a consequence the car was forwarded by a slower train and was delayed forty-eight hours after it would have been delivered if carried by the train known as the "Horse Special."

The court referred to the third section of the original Interstate Commerce Act of February 4, 1887, making it unlawful to give any undue or unreasonable preference or advantage to any person, and also to the

Elkins Act of February 19, 1903, making it "unlawful for any person, persons, or corporation to offer, grant, or give, or to solicit, accept or receive any rebate, concession, or discrimination in respect of the transportation of any property in interstate or foreign commerce," whereby property shall be transported at less than the rate named in the tariffs, "or whereby any other advantage is given or discrimination is practiced," and held that the implied agreement of a common carrier is to carry within a reasonable time, and that a contract to make a particular connection, or to carry by a particular train, constituted a discrimination and was illegal under the provisions of the Interstate Commerce Act above referred to. The same rule has been followed by various State courts in the following cases: *Chesapeake & O. Ry. Co. v. Ruckman*, 115 Va. 493; *Siemonsma v. Chicago, M. & St. P. Ry. Co.*, 158 Iowa 483; *Roberts v. Nashville, C. & St. L. Ry. Co.*, 135 Tenn. 48; and also in *Clegg v. St. Louis & S. F. Ry. Co.*, 203 Fed. 971.

In 4 Ruling Case Law, sec. 75, p. 605, the rule is stated as follows: "The stringency of the modern rule against discrimination is evidenced by the fact that it is not permissible for the carrier to guarantee in a special case a particular connection and transportation by a particular train, for that would give an advantage or preference not open to all, and not provided for in the published tariff."

It therefore follows that the second instruction was erroneous in authorizing the jury to return a verdict for a violation of the alleged special agreement to forward the car in question for a particular connection on the B. & O. Railway. It might be observed, too, in this connection that section 3, paragraph 1 of the bill of lading issued by appellant railroad company to appellee and which was accepted by appellee provided, among other things, that: "No carrier is bound to transport said property by any particular train or

vessel, or in time for any particular market or otherwise than with reasonable dispatch, unless by special agreement indorsed hereon.'' Provisions similar in character have been held valid and binding on the shipper by the Appellate Court of the Third District, in *Bean v. Jackson*, 207 Ill. App. 577.

The third instruction given on behalf of appellee is as follows: ''The jury are instructed that before the defendant can escape liability for delay in delivery of the shipment in this case, if you find that delivery by it was delayed, you must find by a preponderance of the evidence that such delay was not the result of negligence on the part of defendant.''

This instruction is misleading and prejudicial and should not have been given. The law is that the carrier is liable only for unreasonable delay. *Illinois Cent. R. Co. v. McClellan*, 54 Ill. 58; *Perkins v. Cleveland, C., C. & St. L. Ry. Co.*, 183 Ill. App. 531; *Bacon v. Cleveland, C., C. & St. L. Ry. Co.*, 155 Ill. App. 40; *St. Louis Merchants Bridge Term. Ry. Co. v. Tassey*, 122 Ill. App. 339.

Other errors were assigned on the record, but in our view of the case it will not be necessary to discuss the same.

For the reasons above set forth the judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed and remanded.*